IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                CRIMINAL ACTION NO. 2:24-cr-00025

NATHANIEL MARTIN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Bruen/Rahimi-Based Motion to Dismiss Section 922(g)(1) Charge as Violating the Second Amendment – Both Facially and As Applied* (Document 45) and the *Response of the United States in Opposition to Defendant's Bruen-Based Motion to Dismiss* (Document 57). For the reasons stated herein, the Court finds the motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 7, 2024, an *Indictment* (Document 1) was returned, charging the Defendant, Nathaniel Martin, with possession of a firearm as a convicted felon. The Indictment alleges that Mr. Martin possessed a Smith & Wesson .40 caliber pistol in or near Richwood, Nicholas County, West Virginia on or about September 6, 2021. The Indictment further alleges that Mr. Martin was previously convicted, on or about June 2, 2009, of two counts of Delivery of a Schedule II Controlled Substance in violation of W. Va. Code § 60A-4-401, a felony offense punishable by a term of imprisonment exceeding one year.

The Defendant moves to dismiss the Indictment, asserting that the single count for felon in possession of a firearm, is prohibited by the Second Amendment of the United States Constitution.

**DISCUSSION**

The Defendant argues that 18 U.S.C. § 922(g)(1) is unconstitutional both on its face and as applied to him. He contends that the Fourth Circuit's pre-*Bruen* decisions upholding the felon in possession statute were abrogated by *Bruen*. He argues that Second Amendment protections extend to all people, including felons, and that there is no sufficient historical basis for barring felons from possessing firearms. The Defendant objects to a finding that laws restricting the gun rights of people, found to be dangerous, comports with the Second Amendment, arguing that "dangerousness" is an overly broad and poorly defined category.

The United States points to several cases within this district rejecting *Bruen* challenges to § 922(g)(1), as well as a recent Fourth Circuit opinion rejecting a facial challenge to § 922(g)(1). It argues that the Second Amendment right to possess firearms for self-defense does not extend to convicted felons, and this challenge can be resolved in the first step of the *Bruen* analysis by concluding that Defendant's conduct is not within the scope of the Second Amendment. Alternatively, the United States argues that § 922(g)(1) fits within the historical tradition of firearm regulations in the United States designed to disarm dangerous or non-virtuous people. The United States further cites decisions from other courts, rejecting challenges to § 922(g)(1) by defendants, like Mr. Martin, with an underlying drug conviction.

On June 23, 2022, the Supreme Court issued an opinion that upended the legal framework lower courts applied to challenges to firearm regulations. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The Supreme Court in *Bruen* rejected the means-end

scrutiny analysis that courts had used in the wake of *D.C. v. Heller*, 554 U.S. 570, 634 (2008). 142 S. Ct. 2111 (2022); s*ee, e.g.*, *U.S. v. Chapman,* 666 F.3d 220, 225 (4th Cir. 2012); *U.S. v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010).  Rather, "[i]n keeping with *Heller*," *Bruen* clarified the two-step analysis in the Second Amendment context.  *Bruen*, 142 S. Ct. at 2126.  The initial question for the court's consideration is whether "the Second Amendment's plain text covers an individual's conduct."  *Id.* at 2129–30.  Otherwise stated, the question is whether the regulation infringes on or burdens the Second Amendment right to possess and carry firearms for self-defense.  *Id.* at 2133 (citing *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010)).

If Second Amendment rights are burdened, the Constitution presumptively protects that conduct, and the regulation can stand "[o]nly if a firearm regulation is consistent with this Nation's historical tradition."  *Id.* at 2126.  Sometimes, this "inquiry will be fairly straightforward," especially "when a challenged regulation addresses a general societal problem that has persisted since the 18th century."  *Id.* at 2131.  However, some regulations were "unimaginable at the founding" and require identifying relevantly similar regulations and "reasoning by analogy."  *Id.* at 2132.  Central to this consideration is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified."  *Id.* at 2133.

Section 922(g)(1), in pertinent part, reads:

It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). The Fourth Circuit recently rejected a facial challenge to § 922(g)(1), explaining that it "is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least *some* 'set of circumstances.'" *United States v. Canada*, 103 F.4th 257, 258 (4th Cir. 2024) (emphasis in original) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008)). Thus, binding precedent precludes this Court's consideration of any facial challenge to § 922(g)(1).

The Fourth Circuit previously rejected an as-applied challenge to § 922(g)(1), explaining that "the Supreme Court's declaration in *Heller* that felon in possession statutes are 'presumptively lawful regulatory measures' reinforces the fact that a litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges." *United States v. Moore*, 666 F.3d 313, 319 (4th Cir. 2012). In addition, the Fourth Circuit "join[ed] our sister circuits in holding that application of the felon-in-possession prohibition to allegedly non-violent felons like Pruess does not violate the Second Amendment." *United States v. Pruess*, 703 F.3d 242, 247 (4th Cir. 2012). The Supreme Court recently reiterated *Heller's* statement that "many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *United States v. Rahimi*, 144 S. Ct. 1889, 1902, 219 L. Ed. 2d 351 (2024) (quoting from *Heller*, 554 U.S. at 626, 627, n. 26.)

Because *Moore* and *Pruess* did not rely on the means-ends scrutiny rejected by the Supreme Court in *Bruen*, they remain binding precedent that this Court must follow. *United States v. Fowler*, No. 1:23-CR-165 (LMB), 2024 WL 197601, at *5 (E.D. Va. Jan. 18, 2024). Even absent pre-*Bruen* precedent, however, the Court would follow the hundreds of decisions

rejecting both facial and as-applied challenges to § 922(g)(1). *United States v. Bever*, 669 F. Supp. 3d 578, 583 (S.D.W. Va. 2023) (Faber, S.J.) (noting over 100 decisions upholding § 922(g)(1)).

The Defendant's brief supplied relatively little argument about his particular circumstances for a purported as-applied challenge. He is charged with possession of a firearm after sustaining two prior felony convictions for delivery of a controlled substance, and he has additional criminal history. The Court finds nothing in the record that would remove the Defendant's challenge from the ordinary challenge or otherwise set his case apart from typical felon in possession cases. Possession of firearms by those with a history of drug trafficking may pose particular risks, and the Defendant's prior conviction does not appear to represent an unusually minor or isolated incident in the life of an otherwise law-abiding, responsible citizen. Therefore, the Court finds that the motion to dismiss should be denied. As the Fourth Circuit found in *Canada*, there is no need to resolve difficult questions about the appropriate analytical framework or the precise bounds of the Second Amendment, as applied to § 922(g)(1), because the outcome of this particular challenge is governed by prior cases and does not turn on those questions. *United States v. Canada*, 103 F.4th 257, 258 (4th Cir. 2024).

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Bruen/Rahimi-Based Motion to Dismiss Section 922(g)(1) Charge as Violating the Second Amendment – Both Facially and As Applied* (Document 45) be **DENIED**.

5

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 30, 2024

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA